UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard Lask,

    Petitioner,

        v.                              Case No. 1:23cv525

Warden, North Central                  Judge Michael R. Barrett
Correctional Institution,

    Respondent.

**ORDER**

This matter is before the Court upon the Magistrate Judge's August 14, 2024 Report and Recommendation ("R&R") recommending that Respondent's Motion to Dismiss be granted and the Petition be dismissed because it is time-barred pursuant to 28 U.S.C. § 2241(d)(1). (Doc. 17). On September 23, 2024, Petitioner filed written objections to the Report. (Doc. 23).[1]

**I.    BACKGROUND**

This is a *pro se* habeas corpus petition filed pursuant to 28 U.S.C. §2254. Petitioner is an inmate at North Central Correctional Institution. Petitioner was sentenced to a five-year prison term for possession of marijuana charge in violation of Ohio Revised Code § 2925.11(A). The Magistrate Judge provided a thorough recitation of the factual and procedural background of this case and the same will not be repeated here except to the extent necessary to address Petitioner's objections.

On July 18, 2023, this Court received Petitioner's § 2254 habeas petition.

---

[1] A second copy of Petitioner's objections were filed on October 26, 2024. (Doc. 22).

However, Petitioner signed and mailed his Petition on June 23, 2023. (Doc. 1, PageID 19). Applying the prisoner mailbox rule, the Petition is deemed to have been filed on June 23, 2023. *Houston v. Lack*, 487 U.S. 266, 273, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

The Magistrate Judge concluded that Petitioner's grounds for relief were barred from review by the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.[2] The Magistrate Judge found that statutory and equitable tolling principles do not apply; and the miscarriage of justice exception did not apply to excuse the untimeliness of the petition. Petitioner concedes that "the instant petition is untimely by rule and is time-barred," but maintains that his Petition should not be dismissed based on his claim of actual innocence. (Doc. 16, PageID 845).

**I.    ANALYSIS**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). However, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *see also Slater v. Potter*,

---

[2] As the Magistrate Judge explained, Petitioner's grounds for relief are governed by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review." Here, the one-year statute of limitations began to run on July 13, 2021, the day after Petitioner's conviction became final. Unless statutory or equitable tolling applies, the statute of limitations expired on July 13, 2022.

28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and it tantamount to a complete failure to object.").

In his objections, Petitioner argues: (1) the Magistrate Judge erred in concluding that he failed to either cite or present clear and convincing evidence to rebut the Ohio Court of Appeals factual findings; (2) the Magistrate Judge erred in finding that Ground One is based on state subject matter; (3) the Magistrate Judge erred in concluding that the Court need not determine whether it is prohibited from addressing the merits of Petitioner's grounds for relief challenging the search and seizure of evidence under the Fourth Amendment; (4) the Magistrate Judge erred in finding that Petitioner has not shown that he has been diligent in pursuing his rights; (5) the Magistrate Judge erred in finding that Petitioner did not argue or demonstrate that an extraordinary circumstance prevented him from seeking relief in a timely manner; and (6) the Magistrate Judge erred in concluding that Petitioner has not demonstrated that the Court may excuse the untimeliness of this petition based on a colorable showing of actual innocence. (See Doc. 17, PageID 877).  The Court will address the last objection first because it is dispositive.

"Actual innocence, if proved" may serve "as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations."  *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013).  This equitable exception to AEDPA's time bar requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). "To be credible, such a claim requires petitioner to

support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. However, "[s]uch evidence . . . is 'obviously unavailable in the vast majority of cases,' because actual-innocence claims are 'rarely successful.'" *Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024) (quoting *Schlup*, 513 U.S. at 324).

Petitioner's claim of actual innocence is based on "the invalid OVI charge and wrongful arrest that gave rise to the unlawful search and seizure of Petitioner's vehicle." (Doc. 21, PAGEID 898). Petitioner explains that the violation of his Fourth Amendment rights to be free from unlawful searches means that the "fruit of the poisonous tree may not support a conviction." (Doc. 21, PAGEID 897).

However, as the Sixth Circuit has recently explained:

> "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992)). And in the "gateway" context, our court has said the same thing. *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003). This means that a petitioner may not pass through the equitable gateway by simply undermining the state's case. Rather, he must demonstrate that he factually did not commit the crime. Of course, dismantling the state's case is relevant and helpful to the petitioner because it leaves a vacuum to be filled by an exonerative explanation; but it is not sufficient in and of itself. This distinction between exonerating evidence and impeachment evidence undergirds both of the Supreme Court's landmark equitable-exception cases. *Schlup*, 513 U.S. at 324; *House*, 547 U.S. at 552-53.

*Hubbard*, 98 F.4th at 743. Petitioner has not produced any new reliable evidence to support a claim of actual innocence. *See Schlup*, 513 U.S. at 325. Because the Court finds that actual innocence does not excuse the untimeliness of his § 2254 Petition, he is not entitled to this equitable exception and his Petition is time-barred.

## II. CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&R to be thorough, well-reasoned, and correct.  Accordingly, the Magistrate Judge's August 14, 2024 R&R (Doc. 17) is **ADOPTED**, and it is hereby **ORDERED** that:

1. Respondent's Motion to Dismiss (Doc. 14) is **GRANTED** and the Petition is **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d);

2. A certificate of appealability shall not issue with respect to any of the claims for relief alleged in the Petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.  Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack*, 529 U.S. at 484.

3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order adopting the R&R would not be taken in "good faith," and therefore the Court **DENIES** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge